UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **PREMIUM FINANCIAL GROUP, LLC,** | **CIVIL ACTION NO. 5:13-CV-362-KKC** |
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| **MPVF LHE LEXINGTON LLC (f/k/a MPVF IHR LEXINGTON, LLC) and MPVF LEXINGTON PARTNERS, LLC,** | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Premium Financial Group's motion to remand (DE 33) this matter to state court for lack of subject matter jurisdiction. Because the recently added defendant, MPVF Lexington Partners, LLC is a non-diverse defendant, the Court will grant Premium's motion to remand and will remand this case back to Fayette County Circuit Court.

**I. BACKGROUND**

Plaintiff Premium originally filed this case against the initial defendant, MPVF LHE Lexington, LLC ("MPVF") in Fayette County Circuit Court. (DE 1). MPVF removed the matter to this Court on October 28, 2013 pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441, asserting jurisdiction based on diversity of citizenship. (DE 1, Notice of Removal). At the time of removal, this Court had subject matter jurisdiction. Premium is a limited liability company, whose members D.W. Webb, M.C. Webb, and VCI, Inc., all maintain Kentucky citizenship. (DE 1, DE 33-2). MPVF is a limited liability company whose members are all Colorado citizens. (DE 1). Premium's initial complaint alleged various claims arising from a right of first offer in an operating agreement between Premium and MPVF. (DE 1-1). While the underlying

facts are somewhat complex, the case is rooted in an operating agreement between Premium and MPVF, in which MPVF was required to make a first offer to sell particular office space to Premium prior to offering it to the public. (DE 1, DE 17). In its initial complaint, Premium alleged several claims against MPVF, including breach of contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, and sought injunctive and declaratory relief (DE 1-1).

On November 11, 2013, Premium amended its complaint as a matter of course and added a second defendant to its complaint, defendant MPVF Lexington Partners, LLC ("Partners"). (DE 17, p.1). Premium added Partners as a defendant in Count III of the Complaint, the declaratory judgment action concerning a separate parking garage agreement, Count IV, a breach of fiduciary duty claim, Count V, a breach of implied covenant of good faith and fair dealing claim, and Count VI, a claim seeking injunctive relief. (DE 17). It is undisputed that Partners is the actual owner of the office property at issue in this matter. (DE 36, p.2). Partners is also a non-diverse defendant. The citizenship of an LLC is determined by the citizenship of its members. *See Delay v. Rosenthal Collins Group*, *LLC*, 585 F.3d 1003, 1006 (6th Cir. 2009). Through a complicated and somewhat interrelated structure, Premium and MPVF are "sub-members" of Partners; that is, Partners is comprised of its sole member MPVF Lexington Mezz, whose sole member is MCV Venture, whose members happen to be plaintiff Premium and defendant MPVF. (DE 33-2, Exhibit A). Thus, Partners' citizenship is both Kentucky and Colorado, and therefore, Partners is not diverse from Premium, which also maintains Kentucky citizenship.

Perhaps due to the complexity of the various and interrelated LLCs involved in this matter, plaintiff Premium and defendants MPVF and Partners were initially unaware of this

jurisdictional problem. In fact, in its amended complaint Premium alleges that this Court has subject matter jurisdiction based on diversity of citizenship. (DE 17). However, at a discovery hearing between the parties, Magistrate Judge Wier raised his concern that Partners was not diverse from Premium. Counsel for both parties appeared surprised, and Premium's counsel assured Judge Wier that he would promptly discuss the issue with his client. On November 22, 2013, Premium promptly filed its motion to remand this matter to state court for lack of subject matter jurisdiction. (DE 33).

## II. ANALYSIS

"Federal courts are courts of limited jurisdiction," and "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* "All doubts regarding the removal petition must be resolved against removal." *City of Cleveland v. Deustche Bank Trust Co.*, 571 F. Supp.2d 807, 811 (N.D. Ohio 2008) (citing *Province of Ont. v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989)). MPVF and Partners concede that Partners is a non-diverse defendant. (DE 36, p.1). Defendants, however, assert that: 1) Partners is a nominal party, and 2) Premium fraudulently joined Partners as a defendant. (DE 36, p. 1). Because these arguments fail, and because this Court is guided by 28 U.S.C. § 1447(e), instead of fraudulent joinder as Defendants suggest, remand is appropriate in this matter. *See Bridgepointe Condos., Inc. v. Integra Bank. Nat. Ass'n*, No. 08-475-C, 2009 WL 700056 at *2 (W.D. Ky. 2009) (holding that 18 U.S.C. § 1447(e), not fraudulent joinder, guides a district court when a plaintiff joins or seeks to join a non-diverse defendant after the case is already in federal court).

Defendants first assert that Partners is only a nominal party, and thus, Partners' citizenship should not be considered for purposes of subject matter jurisdiction. (DE 36, p. 8). Even assuming that the Court should wade into a nominal party analysis at this stage in the proceedings, Defendants have not proven that Partners is a nominal party. As Defendants point out, "a formal or nominal party is one who has no interest in the result of the suit and need not have been made a party thereto." (DE 36, p. 8); *Maiden v. N. Am. Stainless, L.P.*, 125 Fed. App'x 1, 3 (6th Cir. 2004) (internal citations omitted). That is, a nominal party can be described as a "mere conduit[] for a remedy flowing to others," a party that "need not be made a party," and a party from which will provide no "relief from the outcome of the suit." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465 (1980); *Mortenson Family Dental Ctr., Inc. v. Heartland Dental Care, Inc.*, 526 Fed. Appx. 506, 508 (6th Cir. 2013).

Defendants' nominal party analysis relies largely on a single Court of Appeals case in which the parties were members of an LLC. *Mortenson Family Dental Ctr. Inc.*, 526 Fed. Appx. at 507. The plaintiff member and the LLC itself filed a declaratory action against the defendant member in state court. *Id.* The defendant member then removed the matter to federal court, and the court denied the plaintiff member's motion to remand the case, calling the non-diverse LLC a nominal party. *Id.* The only real dispute in *Mortenson* was the percentage of ownership of each member of the LLC. *Id.* Thus, the LLC would receive no relief from the suit and did not claim that any duty was owed to it. *Id.* The Court of Appeals held, "The LLC is simply a money holder and therefore a nominal party . . . The LLC is only a spectator on the sideline. That it will give a trophy to the winner does not make it a player in the game." *Id.* at 509.

In the instant case, Premium alleges that Partners is more than "just a spectator on the sideline." Premium *does* seek relief from Partners and *does* insist that Partners breached duties

4

owed to Premium. (DE 17, p. 31–34). If Premium is successful in its suit against Partners and MPVF, Partners could be enjoined from selling the office space, or could be forced to pay damages to Premium, or both. Defendants insist that "Premium's purported claims against MPVF Partners are premised on Premium's erroneous allegation that MPVF Lexington owns MPVF Partners." (DE 36, p. 6). While Defendants' contention could be true, the Court cannot wade into the merits of the claims against Partners, because the Court must first have jurisdiction to do so.[1] Furthermore, unlike in *Mortenson*, on which Defendants rely, this is not a dispute about ownership of Partners, but ownership over a particular building, owned solely by defendant Partners. Partners was also a party in the Purchase and Sale Contract, which Premium alleges does not comply with the Operating Agreement between MPVF and Premium. (DE 17, Exhibit F). Thus, the Court cannot agree that MPVF and Partners have met their burden of proving that Partners is a nominal party for purposes of subject matter jurisdiction.

Defendants' second assertion is that Premium fraudulently joined Partners as a party to this matter. (DE 36, p. 11). This argument is misplaced. "Courts use the doctrine of fraudulent joinder to prevent a plaintiff from naming 'non-diverse nominal or irrelevant parties' *in order to avoid removal.*" *Bridgepointe Condos., Inc.,* No. 08-475-C, 2009 WL 700056 at *2 (emphasis added) (citing *City of Cleveland v. Deustche Bank Trust Co.*, 571 F. Supp.2d 807, 824 n. 27 (N.D. Ohio 2008)); *see also Jerome-Duncan, Inc. v. Auto-By-Tel*, LLC, 176 F.3d 904, 907 (6th Cir. 1999) (discussing fraudulent joinder as a mechanism defendants may use to avoid remand when a plaintiff has added a non-diverse defendant in state court just prior to removal). "In contrast, Section 1447(e) enables a court to prevent a party from single-handedly depriving it of

---

[1] Notably, Defendants also point out that they have filed a motion to dismiss in this matter. However, the Court does not have subject matter jurisdiction to consider that motion. Moreover, in their motion to dismiss, Defendants never argue that Partners is a nominal party.

jurisdiction by giving the court the discretion to prohibit joinder of non-diverse parties *after removal.*" *Bridgepointe Condos., Inc.,* No. 08-475-C, 2009 WL 700056 at *2 (emphasis added); *see also Blackburn v. Oaktree Capital Mgmt.*, 511 F.3d 633, 637 (6th Cir. 2008) (noting that Section 1447(e) analysis "arises post-removal"). Moreover, it is irrelevant here that Premium amended its complaint as a matter of course, because "[e]ven though the plaintiffs did not need the court's permission to amend the complaint, the court may deny their attempt to 'join [an] additional defendant [] whose joinder would destroy subject matter jurisdiction.'" *Bridgepointe Condos., Inc.*, No. 08-475-C, 2009 WL 700056 at *1 (quoting 28 U.S.C. § 1447(e)). Because this matter involves a post-removal addition of a nondiverse defendant, Section 1447(e) analysis, not fraudulent joinder, governs this issue.

Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The Court of Appeals has provided little guidance regarding Section 1447(e) analysis,[2] but courts generally agree that a district court should consider four factors in making its decision. *Bridgepointe Condos, Inc.*, No. 08-475-C, 2009 WL 700056 at *2; *City of Cleveland*, 571 F. Supp. 2d at 823. The four factors courts consider are: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff will be significantly prejudiced if amendment is not allowed; and (4) any other equitable factors." *Id.* Courts in this circuit have reasoned that the first factor is "of paramount importance," because these factors are intended to determine whether "the primary

---

[2] This is likely because Section 1447 bars appellate review, and thus, district court remand orders are non-reviewable. *See Blackburn v. Oaktree Capital Mgmt.*, LLC, 511 F.3d 633, 638 (6th Cir. 2008).

6

purpose of the proposed joinder is to oust the case from the federal forum." *See Bridgepointe Condos, Inc.*, No. 08-475-C, 2009 WL 700056 at *2; *City of Cleveland*, 571 F. Supp.2d at 823; *J. Lewis Cooper Co. v. Diageo N. Am., Inc.*, 370 F. Supp.2d 613, 618 (E.D. Mich. 2005).

The first factor requires the court to consider whether the purpose of Premium's amended complaint is to defeat diversity. In the instant case, it is clear that Premium's intent in adding a nondiverse defendant was not to defeat diversity. In fact, Magistrate Judge Wier, not Premium, raised the issue of subject matter jurisdiction. Premium did not file its motion to remand until *after* Judge Wier raised the issue during a hearing. Premium may have destroyed diversity jurisdiction by adding Partners as a defendant, but the Court finds that the first and most prominent factor weighs in favor of remand.

Second, the Court must consider whether Premium was dilatory in seeking amendment. This matter was removed to this Court on October 28, 2013, and Premium filed an amended complaint as a matter of course on November 11, 2013. (DE 17). It filed the motion to remand on November 22, 2013 (DE 33), as soon as the issue of jurisdiction was discovered at a hearing. Thus, Premium completed all steps of the process within a month of filing suit. The Court finds that the second factor also favors remand.

The third factor is whether Premium will be significantly prejudiced if amendment is not allowed. If the Court were to deny Premium's addition of Partners as a party, Premium would have to assert its claims against Partners in a separate, but very similar suit in state court. Thus, to prevent Premium from fighting similar suits on two fronts, this factor also favors remand.

Finally, the Court must consider "any other equitable factors." "Diversity jurisdiction was designed originally to protect out-of-state defendants form local prejudice in state courts." *Winningham v. N. Am. Res. Corp.*, 809 F. Sup. 546, 550 (S.D. Ohio 1992). While Premium may

7

benefit from proceeding in state court since the members of Premium are Kentucky residents, Partners and MPVF also have significant ties to the state.  After all, this litigation arises largely out of a dispute concerning property located in Kentucky, owned by Partners and controlled by MPVF.  Further, while this particular litigation is time-sensitive and such consideration does favor prompt resolution, such resolution can be as quickly addressed in state court as a federal forum.  Thus, since Defendants have raised no equitable factors for the Court to consider, this factor also favors remand.

### III. CONCLUSION

Thus, after considering all four relevant factors, the Court will permit joinder of Partners as a defendant under 28 U.S.C. § 1447(e) and will grant Premium's motion to remand this matter to state court for lack of subject matter jurisdiction.

Accordingly, it is **ORDERED** that Premium's motion to remand (DE 33) is **GRANTED** and this matter is **REMANDED** to state court for furthering proceedings.

This 9th day of January, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY